United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41064
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL K. HOWE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CR-281
--------------------

Before JOLLY, WIENER and PICKERING, Circuit Judges

PER CURIAM:[*]

Paul K. Howe appeals his conviction for being a felon in

possession of a firearm. He argues that the Government breached

the plea agreement when it (1) filed a brief informing the

district court that it could depart upward pursuant to U.S.S.G.

§ 4A1.2, (2) produced witnesses as to his alleged criminal

conduct not resulting in a conviction, and (3) examined those

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

witnesses so as to support the presentence report's recommendation of an upward departure.

We hold that the Government's conduct was not violative of its promise to recommend that Howe be sentenced at the lowest end of the applicable guideline range. The district court was not bound by that recommendation, see FED. R. CRIM. P. 11(c)(1)(B) (2002), and in filing a legal brief and in complying with the court's order to present sentencing witnesses, the Government was fulfilling its duty to insure that the sentencing court had complete and accurate information concerning the defendant to enable the imposition of an appropriate sentence. See United States v. Block, 660 F.2d 1086, 1091 (5th Cir. 1981).

The Government consistently recommended that Defendant be sentenced at the lower end of the guildelines. Consequently, the Government fulfilled its commitment to Defendant and did not breach the plea agreement.

Howe has not borne his burden of establishing a breach of the plea agreement, and, therefore, his conviction is affirmed. See United States v. Wilder, 15 F.3d 1292, 1295 (5th Cir. 1994).

AFFIRMED.